(No. 845—Claim denied.)

MALCOLM B. STERRETT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 1, 1925.*

CONTRACT—*State not liable for services of a voluntary worker.* The State is not liable for the services performed by claimant who was a voluntary worker, although the services were performed for a department of the State.

MALCOLM B. STERRETT, for claimant.

OSCAR E. CARLSTROM, Attorney General; S. S. DuHAMEL, Assistant Attorney General, for respondent.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The claimant, Malcolm B. Sterrett, claims that he was an assistant to Attorney General Brundage in 1921 and rendered services for the State in capacity of Assistant Attorney General in 1921 and up to October, 1922, for which he claims $3625.00. That the Attorney General accepted such services and paid him $250.00 on his said demand. He files no bill of particulars, as required under the rules of this court. He does not state whether or not it has ever been presented to any other department, etc., for payment.

The Attorney General causes and files his plea and answer, denying that the State is indebted to claimant; and states that prior to July, 1921, the Attorney General did have some conversation with claimant relative to employing him as Assistant Attorney General. That about 1st of July, 1921, the Attorney General told claimant he would not be able to employ him as one of his assistants, as he had no funds with which to pay him, and thereupon then and there claimant expressed a willingness to come into the office as "a volunteer worker," making use of the facilities of the office in his own behalf, and so remained till about October, 1922. Attorney General Brundage, as stated by Attorney General Carlstrom, in his pleas and answers, denies that he employed claimant, or called on him to render any special services or any services for which he was not compensated. But that Attorney General Brundage did pay claimant $250.00 for "special services" and owes him no more.

The statements of Attorney General Brundage and his deputy make it very clear to the court that there was no contract by and between the Attorney General and the claimant that would warrant a recovery against the State.

The case is accordingly dismissed.